IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 MAR 11  AM 11: 19

STEPHAN HARRIS, CLERK
CASPER

| | | |
|---|---|---|
| WILLIAM FREY | ) | CASE NO: |
| | ) | |
| Plaintiff, | ) | 19-CV-50-NDF |
| | ) | **COMPLAINT** |
| v. | ) | **AND JURY DEMAND** |
| | ) | |
| | ) | |
| THE TOWN OF JACKSON, WYOMING, | ) | |
| TETON COUNTY, WYOMING, | ) | |
| THE JACKSON HOLE AIRPORT, | ) | |
| THE JACKSON HOLE AIRPORT | ) | |
| BOARD, NATHAN KARNES, | ) | |
| an individual, JAMES WHALEN, an | ) | |
| individual, and JOHN DOES, individuals, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

The Plaintiff, William Frey, by and through his attorney of record, Seth "Turtle" Johnson,

of the Slow and Steady Law Office, PLLC, states and alleges as follows:

### INTRODUCTION

1.       This is an action for relief from violations of the Plaintiff's constitutional rights

including the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States

Constitution. The Plaintiff seeks relief for the violation of his constitutional rights under 42

U.S.C. 42 U.S.C. §§ 1983, 1985 and under *Bivens v. Six Unknown Named Agents of Fed. Bureau*

*of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). The Plaintiff also seeks a

declaratory judgement in accordance with the Wyoming Uniform Declaratory Judgements Act

Wyo. Stat. Ann. § 1-37-101 *et seq* finding that the Plaintiff's rights under the Wyoming

Receipt # CA5C02208
Summons: 1 issued
_____ not issued

Constitution were violated. This action also seeks relief from the tortious conduct of the Defendants in violation of Wyoming law under the Federal Tort Claims Act "FTCA" 28 U.S.C.A. § 2671 *et seq.* and the Wyoming Government Claims Act "WGCA" Wyo. Stat. Ann. § 1-39-101.

2.       The Plaintiff alleges that the Defendants unlawfully detained and arrested him in violation of his rights, subjected him to unconstitutional searches of his person, violated his procedural and substantive due process rights, and negligently and/or intentionally caused damage to the plaintiff.

3.       Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs as remedies for the conduct of the Defendants.

## JURISDICTION AND VENUE

4.       This civil action arises under 42 U.S.C. §§ 1983, 1985, and the Constitution of the United States. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Venue is proper, pursuant to 28 U.S.C. § 1391, because the Defendants are located in the District of Wyoming and because all events giving rise to this claim occurred in the District of Wyoming.

5.       This action is also brought under the laws of Wyoming based on the tortious conduct of the Defendants. This action is authorized by the FTCA and WGCA. This Court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

## PARTIES

6.       Plaintiff, William Frey, is a Male resident of Connecticut; Plaintiff owns a home in Wyoming and was visiting Wyoming during the events described in this complaint.

7.       Defendant, the Town of Jackson Wyoming, is an incorporated town organized in accordance with the laws of Wyoming. Wyo. Stat. Ann. § 15-1-101 *et seq.*

8.     Defendant, Teton County, is a county within the State of Wyoming organized in accordance with the laws of Wyoming. Wyo. Stat. Ann. § 18-1-101 *et seq.*

9.     Defendant, The Jackson Hole Airport, is an airport jointly established by Teton County Wyoming and the Town of Jackson Wyoming which is organized in accordance with the laws of Wyoming. Wyo. Stat. Ann. § 10-5-101 *et seq.*

10.     Defendant, the Jackson Hole Airport Board, is a corporate body organized in accordance with the laws of Wyoming. Wyo. Stat. Ann. § 10-5-202.

11.     Defendants the Jackson Hole Airport, the Jackson Hole Airport Board, the Town of Jackson, and Teton County shall be collectively referred to as the "municipal defendants."

12.     Defendant Nathan Karnes is an individual residing in the state of Wyoming. Defendant Nathan Karnes, is a peace officer employed by the Town of Jackson Police Department. Nathan Karnes is named in his individual and official capacities. Nathan Karnes was employed as a peace officer at all times relevant to this complaint.

13.     Defendant James Whalen is an individual, upon information and belief Defendant James Whalen resides in the State of Wyoming. Defendant James Whalen was the sheriff of Teton County on March 12, 2018. James Whalen, as sheriff, was a peace officer at all times relevant to this complaint. James Whalen is named in his individual and official capacities.

14.     Defendants "John Does" include two or more individuals who conducted security screening at the Jackson Hole Airport on March 12, 2018. The Plaintiff believes that the "John Does" who conducted security screening at the Jackson Hole Airport were acting as agents and/or employees of the Jackson Hole Airport, the Jackson Hole Airport Board, and/or the Transportation Security Administration. "John Does" as described in this paragraph are named in their individual and official capacities. Plaintiff will identify the "John Does" described in this

paragraph through the use of discovery.

15.    "John Does" also include individuals who were employed at the Teton County Jail on March 12, 2018. The Plaintiff believes that the "John Does" who were employed at the Teton County Jail on March 12, 2018 were peace officers employed by Teton County. "John Does" as described in this paragraph are named in their individual and official capacities. Plaintiff will identify the "John Does" described in this paragraph through the use of discovery.

## PROCEDURAL REQUIREMENTS

16.    The Individual Defendants listed above are named in their individual and official capacities in accordance with the WGCA. The Plaintiff has filed his claims against the Defendants in accordance with the requirements of Wyo. Stat. Ann. § 1-39-113(c) on March 8, 2019 through the use of certified US mail. The plaintiff will provide proof of notice electronically when it is available to the Plaintiff.

17.    The Plaintiff has complied with the signature and certification requirements of Wyo. Const. art. XVI, § 7 and signed each tort claim submitted under the WGCA under oath before a notary as required by Wyo. Stat. Ann. § 1-39-113(e). Claims meeting the requirements of the WGCA were submitted by the Plaintiff to the business offices of each Municipal Defendant.

18.    The Plaintiff believes that the John Does employed at the Jackson Hole Airport may have been employees of the Transportation Security Administration. The Plaintiff submitted a claim in accordance with the FTCA on March 8, 2019 through the use of certified US mail. If discovery reveals that John Does are employees of the Transportation Security Administration who were acting in the scope of their duties, the Plaintiff intends to seek leave to amend to add the United States as a party at the expiration of six months and/or after the receipt of the final

denial of the Plaintiff's claim by the TSA.

## GENERAL ALLEGATIONS

19.     The Plaintiff is a business owner and resident of Greenwich, Connecticut. The

Plaintiff owns a vacation home located in Teton County, Wyoming. Plaintiff visits Teton County

approximately twice per year.

20.     In order to access the Plaintiff's vacation property, the Plaintiff travels by air via

the Jackson Municipal Airport (JAC); located in Grand Teton National Park.

21.     "The Jackson Hole Airport operates under a slate of federal, State, and local

authorities, in combination with a slew of federal, state and local agreements and laws…"

quoting Plaintiff's Response to Defendant's Motion to Dismiss in *Town of Jackson v Frey*, No.

18-03-0226 (Jack. Muni. Crt. 2019).

22.     The Municipal Defendants work in concert to operate JAC. The Town of Jackson,

in coordination with the TSA, provides law enforcement services at JAC. Upon information and

belief, the Jackson Hole Airport, the Jackson Hole Airport Board, and/or the TSA employ

security screening employees at JAC. Each of the municipal defendants plays an active role in

establishing and enforcing the policies and procedures in place at JAC. The Town of Jackson has

enacted municipal ordinances which apply at JAC. The Municipal Defendants have entered into

an agreement with the United States to operate JAC which is located in a national park.

23.     Defendant Karnes was provided training at JAC which was conducted by TSA

personnel.

24.     On March 12, 2018, the Plaintiff traveled to JAC with the intention of traveling to

Newark, Jew Jersey via United Airlines flight 2402.

25.     While at JAC, Mr. Frey voluntarily entered the AIT body scanner (body scanner)

located at the airport security screening checkpoint.

26.     The Security Screening employee, Defendant John Doe, reported that the body scanner had indicated that Mr. Frey's groin, upper inner thigh, and the outside of his leg required additional screening. Defendant John Doe informed the Plaintiff that he would be conducting a pat-down search of the indicated areas. Other Security Screening employees who were present at that time, Defendants John Does, commented to Mr. Frey that reason the body scanner had indicated those areas was because the Plaintiff was wearing a belt.

27.     The Plaintiff was not informed that he would be subjected to an invasive pat-down search of his groin prior to entering the security screening area.

28.     The Plaintiff refused John Does' demand that he submit to an invasive pat-down of his groin and, as an alternative, volunteered to remove his belt and be re-screened by the body scanner.

29.     Plaintiff has since learned that TSA "standard operating procedures," which were implemented at the security screening checkpoint at JAC, would allow for rescreening in at least two circumstances.

30.     Plaintiff was informed by Defendant John Does (security screening employees) that he would not be allowed to be re-screened through use of the body scanner and that he was required to submit to a pat-down search of his groin under the TSA standard operating procedures.

31.     TSA standard operating procedures are not made available to the public and by law are kept secret from the public.

32.     Defendant John Doe security screening employees informed Mr. Frey that TSA policy required him to submit to a pat-down of his groin and that he would not be allowed to

leave the airport or board his flight unless he submitted to this invasive search. The threatened

pat-down search of the Plaintiff's groin constitutes an offensive touching. Plaintiff stated that he

believed that touching his groin without his consent would constitute an illegal sexual assault and

that he would not consent to anyone touching his groin.

33.     Defendant John Doe security screening employees, rather than employing a less

invasive search such as re-screening the Plaintiff without his belt and/or employing the use of a

metal detector wand device, demanded that the Plaintiff permit them to conduct a pat-down of

the Plaintiff's groin.

34.     Based the Plaintiff's repeated refusals to submit to the invasive search of his

groin, Defendant John Doe summoned Defendant Karnes to the scene to respond to Mr. Frey's

refusal to submit to a pat-down of his groin. Officer Karnes informed the Plaintiff that he was

required to submit to the invasive pat-down of his groin which the Plaintiff again refused.

35.     The Plaintiff requested to Defendant Karnes that he be permitted to leave the

airport as an alternative to the pat-down. The Plaintiff also requested that he be permitted to be

re-screened through the use of the body scanner with his belt removed. Both requests were

denied by Defendant Karnes and/or Defendant John Does. Defendant Karnes threatened the

Plaintiff and stated that the Plaintiff must either consent to the pat-down of his groin or that he

would be arrested by Defendant Karnes and subjected to an even more invasive search.

36.     The Plaintiff again refused Defendant Karnes's demand for an invasive pat-down

search and informed officer Karnes that if anyone touched his groin without his consent he

would  sue. "I will file a police complaint and I will start litigation if they try and do this"

quoting video surveillance footage made available during discovery in *Town of Jackson v.*

*William Frey*, No. 18-03-0226 (Jack. Muni. Crt. 2019) p 2. Defendant Town of Jackson has

characterized the Plaintiff's protests and threats to invoke the legal system as "not protected speech" and an attempt "to circumvent the screening process" quoting Plaintiff's Response to Defendant's Motion to Dismiss *Town of Jackson v. William Frey*, No.18-03-0226 (Jack. Muni. Crt. 2019) p 2, 3.

37.     Defendant Karnes arrested Mr. Frey for violation of the Town of Jackson Municipal Code (JMC) 12.16.170 and performed a search of the Plaintiff, finding nothing.

38.     Defendant Karnes Placed the Plaintiff in handcuffs and, while transporting him to a holding area in JAC, Defendant Karnes without provocation employed a painful wrist-lock upon the Plaintiff which injured the Plaintiff's wrist. Defendant Karnes's wrist-lock caused an injury to the Plaintiff's wrist which still causes physical pain to Mr. Frey.

39.     The Plaintiff was detained by Defendant Karnes in a holding room inside of JAC while the Plaintiff awaited transportation to the Teton County Jail.

40.     The Plaintiff was then transported by Defendant Karnes to the Teton County Jail which is administered by the Teton County Sheriff's department. On March 12, 2018, the Sheriff for the Teton County Sheriff's department was Jim Whalen.

41.     While the Plaintiff was being transported to the Jail by Defendant Karnes the Plaintiff requested that he be allowed to speak to an attorney while in transit to the jail. Defendant Karnes refused the Plaintiff's request.

42.     The Plaintiff was booked into the Teton County Jail by peace officers employed by Teton County and/or Defendant Karnes for violation of Jackson Municipal Code 12.16.170(A); an Ordinance which defendant Karnes lacked valid authority to enforce under Wyoming Law. "Despite federal and state law granting the Town of Jackson the authority to establish these ordinances, the authority to enforce certain ordinances has been limited by the

Town of Jackson", *Town of Jackson v. Frey*, No.18 – 03 – 0226 (Jack. Muni. Crt. 2019), Hon. Judge Owens presiding.

43.     The Plaintiff was incarcerated at the Teton County Jail for approximately three (3) hours. The Plaintiff made several requests to speak with an attorney while he was held at the Teton County Jail. The Plaintiff's requests were denied by peace officers employed by the Teton County Sheriff's Department, evidently in accordance with the policies of the Teton County Sheriff's Office.

44.     The Plaintiff's wife Carrie Frey was informed by deputies at the Teton County Jail that Mr. Frey was being held because he wanted an attorney. The Plaintiff's wife Carrie Frey contacted a local attorney in Jackson who called the jail and was denied permission to speak with the Plaintiff.

45.     The Plaintiff was held in a simple cell with one other prisoner. The Plaintiff was removed from his cell by Defendant Karnes, and two (2) unidentified peace officers employed by Teton County (Defendant John Does). Defendant Karnes and Defendant John Does conducted an interrogation of the Plaintiff during which they verbally berated the Plaintiff about his behavior and his requests for a lawyer. The Plaintiff viewed this as an effort to intimidate him into waiving his right to counsel and/or an effort to retaliate against him for requesting an attorney. The Plaintiff believes that the Individual Defendants who were present at the jail intentionally prolonged his incarceration in retaliation for the Plaintiff's requests for an attorney.

46.     If Defendant John Doe airport security employees are found to be acting for the TSA or on behalf of the United States, the Plaintiff alleges that they were acting as investigative or law enforcement officers at all relevant times within the meaning of 28 U.S.C. § 2680(h). Defendant John Doe airport security employees were empowered by law to execute searches and

seize evidence.

47.     The Defendants acted together to prosecute the Plaintiff for violating the secret

"standard operating procedures" based on provisions of the Jackson Municipal Code making it a

crime to violate "airport procedures." The Charges against the Plaintiff were dismissed by

because Defendant Karnes lacked enforcement jurisdiction under the relevant ordinances.

## INCORPORATION OF ALLEGATIONS

48.     All of the allegations in each of the foregoing paragraphs are incorporated by

reference into each of the following claims for relief as if fully set forth in each such claim; each

allegation made in each claim for relief is incorporated by reference into every other claim for

relief.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTIONS 3, 4, 6, 7, 34, AND 36  OF THE WYOMING CONSTITUTION AGAINST THE MUNICIPAL DEFENDANTS UNDER 42 U.S.C. §§ 1983, 1985, AND WYO. STAT. ANN. § 1-37-113

49.     This claim is brought against the "Municipal Defendants" as described above and

is brought for violations of the Plaintiff's rights under the Fourteenth Amendment to the United

States Constitution and Article One Sections 3, 4, 6, 7, 34, and 36 of the Wyoming Constitution.

The Municipal Defendants and their agents violated the Plaintiff's right to substantive due

process in violation of the Fourteenth Amendment to the United States Constitution and the

Wyoming Constitution. The Municipal Defendants and their agents also violated the Plaintiff's

right to procedural due process in violation of the Fourteenth Amendment to the United States

Constitution and the Wyoming Constitution.

50.     The Municipal Defendants violated the Plaintiff's right to procedural and

substantive due process by requiring the Plaintiff to submit to an invasive pat-down search of the Plaintiff's groin without any notice to the Plaintiff or the rest of the flying public that they are consenting to invasive searches, including pat-down searches of their groin, simply by stepping into line at airport security screening check points.

51.     The Municipal Defendants claim that the Plaintiff was required to submit to an invasive pat-down search of his groin because the "standard operating procedures" of the TSA did not allow the Plaintiff to be rescreened or to undergo any other alternative search.

52.     The Municipal Defendants, acting in excess of the requirements allegedly contained in the TSA's "standard operating procedures," have enacted criminal penalties for the violation of those unpublished procedures and have charged the Plaintiff with a crime for failing to consent to those secret procedures.

53.     The Plaintiff, the rest of the flying public, and the municipal defendants themselves, have no means to read the TSA's procedures or to ensure that the TSA and its agents are correctly and consistently applying the TSA's secret standard operating procedures.

54.     The Plaintiff has a fundamental right to privacy which was violated through the use and threatened use of a pat-down search of the Plaintiff's groin as more fully described above. The Plaintiff also has a fundamental right to read and understand the laws to which he is subject (based on procedural and substantive due process). Furthermore, the Plaintiff has a right not to be subjected to criminal prosecution based on secret "standard operating procedures" which he cannot read or access.

55.     As described more fully above, the invasive search procedures employed by the Municipal Defendants, including the criminal charges brought against the Plaintiff to enforce those procedures, are not rationally related to any security interest of the municipal defendants.

56.     The security procedures employed by the municipal defendants, as more fully described above, are not necessary to achieve any legitimate interest of the municipal defendants. To the extent that the Municipal Defendants have legitimate security objectives, the means selected by the Municipal Defendants are not narrowly tailored to address those interests.

57.     As described more fully above, the Municipal Defendants and their agents acted under color of state law at all relevant times.

58.     As described more fully above, the Municipal Defendants arrested and imprisoned the Plaintiff through Officer Karnes and other agents without lawful jurisdiction to do so. Officer Karnes, and other peace officers employed by the Town of Jackson and/or the other municipal defendants, regularly detained, imprisoned, arrested and/or cited individuals at the Jackson Hole Airport despite the lack of lawful authority for such actions.

59.     As described more fully above, the Municipal Defendants subjected the Plaintiff to an unnecessarily invasive search by forcing him to submit to a pat-down of his groin and inner thigh. The TSA may have been responsible, in whole or in part, for creating the secret procedures which allegedly required the pat-down of the Plaintiff's groin and inner thigh, however the Municipal Defendants have elected to adopt and enforce these procedures and have acted together to implement these procedures through the use of criminal penalties

60.     The Town of Jackson, in coordination with the other municipal defendants and the TSA, has enacted ordinances which make failure to comply with "airport procedures," including the secret standard operating procedures of the TSA which allegedly required the invasive search/touching of the Plaintiff's groin, a criminal offense which can result in a fine of $500.00.

61.     Current technology would have allowed the Municipal Defendants to accomplish

their legitimate security objectives through less invasive means than a pat-down of the Plaintiff's groin. Specifically, agents of the Municipal Defendants could have required the Plaintiff to remove his belt before entering the body scanner and/or could have allowed the Plaintiff to be rescreened by the body scanner without his belt.

62.     The Ordinance under which the Town of Jackson brought charges against the Plaintiff was is facially invalid because it is overbroad. The Ordinance reaches a significant amount of protected speech and gives agents of the Municipal Defendants and the TSA essentially unlimited discretion to arrest members of the public based on secret TSA procedures and bring criminal charges against them. The arrest and detention of the Plaintiff provides a factual example of this overbreadth, the Plaintiff was arrested and held based on his exercise of his right to free speech and his right to petition government as more fully described above.

63.     The Ordinance, and the TSA's secret standard operating procedures, are unconstitutional vague and violate due process. Individuals of common intelligence must necessarily guess at the meaning of these procedures because they are not permitted to read the procedures.

64.     The Plaintiff believes that his incarceration was unnecessarily prolonged by Defendant Karnes and other agents of the Municipal Defendants as a form of retaliation for his request for an attorney in violation of the Plaintiff's due process rights. Furthermore, the Plaintiff was interrogated without his attorney present in violation of his due process rights.

65.     The Plaintiff believes that the means employed by the Municipal Defendants and/or TSA are not rationally related to any legitimate governmental interest. The Plaintiff believes that independent testing of the procedures employed by the municipal defendants and/or the TSA (and/or internal testing of the same procedures) has revealed or would reveal that the

methods and procedures employed fail to make the flying public more secure or deter unlawful conduct. The Plaintiff contends that the procedures employed by the Defendants are security theater meant to create an illusion of safety.

66.     Upon information and belief the Municipal Defendants enacted policies which allowed and/or mandated the due process violations described above. Upon information and belief, individuals vested with policymaking authority by the Municipal Defendants violated the Plaintiff's fundamental rights as more fully described above. Upon information and belief, the Municipal Defendants failed to properly train and or supervise their agents to prevent the violations of the Fourteenth Amendment more fully described above despite notice that such violations were occurring.

67.     The Municipal Defendants acted together to enact the airport procedures and conduct security at the airport as described above and are jointly responsible for the acts of agents acting at the airport and policies enacted at the airport.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTIONS 4, 6, AND 7 OF THE WYOMING CONSTITUTION AGAINST THE MUNICIPAL DEFENDANTS UNDER 42 U.S.C. §§ 1983, 1985, AND WYO. STAT. ANN. § 1-37-113

68.     This claim is brought against the Municipal Defendants as described above and is brought for violations of the Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article One Sections 4, 6, and 7 of the Wyoming Constitution. The Municipal Defendants and their agents violated the Plaintiff's constitutional rights under the Fourth Amendment and the provisions of the Wyoming Constitution listed above. The actions of the Municipal Defendants and their actions as more fully described above constitute false arrest, false imprisonment, malicious prosecution, unlawful search/seizure, and excessive force, under

the Fourth Amendment to the United States Constitution and the above cited provisions of the

Wyoming Constitution.

69.     As described more fully above, the Municipal Defendants and their agents acted

under color of state law at all relevant times.

70.     As described more fully above, the Municipal Defendants arrested and

imprisoned the Plaintiff through their agent Defendant Karnes without lawful jurisdiction to do

so. Defendant Karnes, and other police officers employed by the Town of Jackson and/or the

other municipal defendants, regularly detained, imprisoned, arrested and/or cited individuals at

the Jackson Hole Airport despite the lack of lawful enforcement jurisdiction under Wyoming

Law.

71.     As more fully described above, the Municipal Defendants and their agents

maliciously prosecuted the Plaintiff based on his protected speech in violation of his First and

Fourth amendment rights. The Municipal Defendants acted together to prosecute the Plaintiff for

his refusal to verbally consent to an unnecessarily invasive search. The Municipal Defendants

acted together to prosecute the Plaintiff for requesting a less invasive search and/or for lawfully

protesting the procedures of the Defendants and petitioning government. As more fully described

above, the Municipal Defendants enacted and/or enforced a policy of subjecting individuals such

as the Plaintiff, to an unreasonably invasive search which included a pat-down of the Plaintiff's

genitals and inner thigh. The Municipal Defendants, beyond simply mandating that such an

unreasonable search to be conducted, actually arrested the Plaintiff, charged the Plaintiff with a

crime, and attempted to impose criminal penalties because he refused to give consent to such an

invasive and unreasonable search. Based on current technology and search procedures, the

procedures implemented at JAC by the Municipal Defendants and/or the TSA are more invasive

than necessary to protect any legitimate security need. The Plaintiff's rights were violated as described above either through the direct policies of the Municipal Defendants and/or the customs and practices established by the Municipal Defendants.

72.     The Municipal Defendant used excessive force against the Plaintiff as more fully described above. Officer Karnes used excessive force through the process of physically seizing and arresting the Plaintiff including but not limited to the use of an unnecessary and painful wrist-lock upon the Plaintiff which caused the Plaintiff lasting pain and suffering. The Teton County Sheriff and/or agents of the Teton County Sheriff confined the Plaintiff for longer than necessary because he requested an attorney and/or because he protested his arrest and treatment.

73.     As described more fully above, the Municipal Defendants subjected the Plaintiff to an unnecessarily invasive search by forcing him to submit to a pat-down of his groin and inner thigh. The TSA may have been responsible, in whole or in part, for creating the procedures which allegedly required the pat-down of the Plaintiff's groin and inner thigh, however the Municipal Defendants have elected to adopt and enforce these procedures and have acted together to implement these procedures through the imposition of criminal penalties.

74.     The Town of Jackson, in coordination with the other municipal defendants and the TSA, has enacted ordinances which make failure to comply with "airport procedures," including the unnecessarily invasive search/touching of the Plaintiff's groin, a criminal offense which can result in a fine of $500.00.

75.     Officer Karnes, an agent of the Town of Jackson, as described above, arrested the Plaintiff without any valid arrest authority and without probable cause to believe the Plaintiff had committed any criminal offense. Officer Karnes also conducted an unnecessarily invasive search of the Plaintiff and arrested him for failing to comply with the search which was allegedly

mandated by "airport procedures."

76.     The Town of Jackson, through its agents Officer Karnes and other agents of the town, arrested the Plaintiff and charged the Plaintiff with a criminal offense based on his lawful protest of Airport Procedures. The Town and its agents arrested and charged the Plaintiff pursuant to ordinances enacted by the Town of Jackson and/or other policies, customs, and practices of the Town of Jackson and the Municipal Defendants. The Plaintiff was arrested and charged based on an "attempt to circumvent" airport procedures because he threatened to file a lawsuit against Officer Karnes and/or because he requested less invasive search procedures.

77.     Teton County, as described more fully above, confined the Plaintiff in the Teton County jail without probable cause, unnecessarily prolonged his incarceration because he requested a lawyer and because he protested the basis of his incarceration.

78.     Current technology would have allowed the Municipal Defendants to accomplish their legitimate security objectives through less invasive means than a pat-down of the Plaintiff's groin. Specifically, agents of the Municipal Defendants could have required the Plaintiff to remove his belt before entering the body scanner and/or could have allowed the Plaintiff to be rescreened by the body-scanner without his belt.

79.     Furthermore, the Plaintiff contends that the security procedures employed by the Municipal Defendants and/or TSA are ineffective and therefore are not related to any legitimate governmental security interest.

80.     Upon information and belief the Municipal Defendants enacted policies which allowed and/or mandated the Fourth Amendment violations described above. Upon information and belief, individuals vested with policymaking authority by the Municipal Defendants violated the Plaintiff's Fourth amendment rights as more fully described above. Upon information and

belief, the Municipal Defendants failed to properly train and or supervise their agents to prevent violations of the Fourth Amendment more fully described above despite notice that such violations were occurring.

81.     The Municipal Defendants acted together to enact the airport procedures and conduct security at the airport as described above and are jointly responsible for the acts of agents acting at the airport and policies enacted at the airport.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION 20 AND 21 OF THE WYOMING CONSTITUTION AGAINST THE MUNICIPAL DEFENDANTS UNDER 42 U.S.C. §§ 1983, 1985, AND WYO. STAT. ANN. § 1-37-113

82.     This claim is brought against the "Municipal Defendants" as described above and is brought for violations of the Plaintiff's right free speech and right to petition government under the First Amendment to the United States Constitution Article One Section 20 and 21 of the Wyoming Constitution. The Municipal Defendants and their agents violated the Plaintiff's right to free speech and right to petition government.

83.     The Plaintiff engaged in protected speech by verbally protesting the actions of the Defendants as more fully described above. The Plaintiff engaged in a protected petition of government by threatening legal action against the Defendants as more fully described above. The Plaintiff engaged in protected speech and protected petition by requesting less invasive search procedures as more fully described above. Plaintiff's right to due process, right to free speech, and right to petition government were infringed during his incarceration at the Teton County Jail when the Plaintiff's incarceration was unnecessarily prolonged based on his request for an attorney.

84.     As described more fully above, the Municipal Defendants and their agents acted

under color of state law at all relevant times.

85.    The conduct of the Municipal Defendants, who arrested and criminally charged the Plaintiff and took other actions against the Plaintiff as more fully described above, constitutes retaliatory conduct which would chill a person of ordinary firmness.

86.    The retaliatory actions of the Municipal Defendants were motivated by the Plaintiff's protected speech. The Plaintiff was specifically charged with "attempting to circumvent" airport procedures and "disrupting" airport procedures based explicitly on his verbal threats to file a lawsuit, based on his request for less invasive search procedures, and based on his verbal protests of the Defendants actions as more fully described above. The Plaintiff was arrested based on his speech and petition in violation of the First Amendment and the Wyoming Constitution as more fully described above. The Plaintiff's detention in the Teton County Jail was also unlawfully extended based on the Plaintiff's protected speech when he requested his lawyer.

87.    The Municipal Defendants did not have any compelling or legitimate interest in retaliating against the Plaintiff based on his free speech, his petition of government, or his requests for an attorney.

88.    The Municipal Defendants acted together to enact the airport procedures and conduct security at the airport as described above and are jointly responsible for the acts of agents acting at the airport and policies enacted at the airport.

### FOURTH CLAIM FOR RELIEF
### FALSE IMPRISONMENT, ASSAULT, BATTERY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, AND NEGLIGENCE AGAINST THE MUNICIPAL DEFENDANTS IN VILATION OF THE LAWS OF WYOMING, WGCA

89.    As more fully described above, the municipal defendants falsely imprisoned the

Plaintiff. The municipal defendants, through peace officers employed by the municipal

defendants, intentionally confined the Plaintiff against his will. The municipal defendants held

the Plaintiff against his will as retaliation for engaging in his right to free speech, his right to

petition government, and his lawful request for an attorney. Defendant Karnes, acting as an agent

of the municipal defendants, lacked valid arrest authority of his arrest of the Plaintiff.

90.     As more fully described above, the municipal defendants committed an assault

against the Plaintiff. The Municipal Defendants, through peace officers employed by the

municipal defendants, intentionally threatened to touch the Plaintiff's groin through the use of a

pat-down search. The Municipal Defendants, through their agent Officer Karnes, unlawfully

assaulted the plaintiff through the use of an unnecessary and painful wrist lock and through the

other uses of force and threats of force used to arrest and detain the Plaintiff. The Municipal

Defendants, including peace officers employed by Teton County, unlawfully assaulted the

Plaintiff by using force and or the threat of force to arrest and detain the Plaintiff.

91.     As more fully described above, the municipal defendants committed a battery

against the Plaintiff.  The Municipal Defendants, through peace officers employed by the

municipal defendants, intentionally touched the Plaintiff's groin through the use of a pat-down

search. The Municipal Defendants, through their agent Officer Karnes, committed a battery

against the plaintiff through the use of an unnecessary and painful wrist lock and by conducting a

pat-down search of the Plaintiff. The Municipal Defendants committed a battery of the Plaintiff

by using force to arrest and detain the Plaintiff.

92.     As more fully described above, the municipal defendants, through peace officers

employed by the municipal defendants, engaged in an abuse of process against the Plaintiff by

arresting, detaining, and charging the Plaintiff for engaging in his right to free speech and his

right to petition government.

93.     As more fully described above, the Municipal Defendants negligently caused the Plaintiff damages by failing to adequately supervise and/or train employees and agents of the Municipal Defendants.

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF THE FIRST, FOURTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTIONS 3, 4, 6, 7, 20, 21, 34, AND 36 OF THE WYOMING CONSTITUTION AGAINST OFFICER KARNES IN HIS INDIVIDUAL CAPACITY UNDER 42 U.S.C. §§ 1983, 1985, AND WYO. STAT. ANN. § 1-37-113

94.     The Plaintiff brings the following claims against Defendant Karnes in his individual capacity.

95.     As more fully described above, Defendant Karnes retaliated against the Plaintiff by arresting and charging the Plaintiff for engaging in conduct protected by the First Amendment to the United States Constitution. The Plaintiff engaged in protected speech when he verbally protested his arrest, requested less invasive search procedures, threatened a lawsuit, and requested an attorney. The Plaintiff engaged in a protected petition of government when he threatened a lawsuit against the Defendants and when he requested less invasive search procedures.

96.     As more fully described above, Defendant Karnes arrested the Plaintiff without lawful arrest authority in violation of the Fourth Amendment.

97.     As more fully described above, Defendant Karnes conducted an unnecessarily invasive search of the Plaintiff, a pat-down of the Plaintiff's groin in violation of the Fourth Amendment. Defendant Karnes also violated the Fourth Amendment by arresting the Plaintiff based on the Plaintiff's refusal to verbally consent to an invasive pat-down search of the

Plaintiff's groin.

98.     As more fully described above, Defendant Karnes used excessive force against the Plaintiff by using a wrist lock and other force during his arrest and detention of the Plaintiff.

99.     As more fully described above, Defendant Karnes violated the Plaintiff's Fourteenth Amendment rights to procedural and substantive due process by violating the Plaintiff's right to privacy and by subjecting the Plaintiff to an invasive search, and arresting the Plaintiff for refusing to consent to such a search, based on unpublished "standard operating procedures" of the TSA.

100.     As more fully described above, Defendant Karnes acted in combination with two peace officers employed by Teton County to deprive the Plaintiff of his due process rights by interrogating him without his attorney present despite repeated requests by the Plaintiff for an attorney. Defendant Karnes also retaliated against the Plaintiff for requesting an attorney by prolonging his incarceration unnecessarily.

101.     At all relevant times, Defendant Karnes acted under color of state law.

## SIXTH CLAIM FOR RELIEF
## FALSE IMPRISONMENT, ASSAULT, BATTERY, ABUSE OF PROCESS AGAINST OFFICER KARNES IN HIS INDIVIDUAL CAPACITY IN VILATION OF THE LAWS OF WYOMING, WGCA

102.     The Plaintiff brings the following tort claims against Defendant Karnes in his individual and official capacity.

103.     As more fully described above, Officer Karnes intentionally assaulted the Plaintiff by threatening to conduct a pat-down search of the Plaintiff's groin. The Plaintiff verbally indicated that he did not consent to any touching of his groin.

104.     As more fully described above, Officer Karnes intentionally committed a battery

against the Plaintiff by conducting a pat-down search of the Plaintiff's groin and by using a wrist lock and other unnecessary force against the Plaintiff.

105.    As more fully described above, Officer Karnes intentionally arrested and imprisoned the Plaintiff against the Plaintiff's will by the use of force and threats of force.

106.    As more fully described above, Officer Karnes lacked valid arrest authority under the ordinances which Officer Karnes alleged that the Plaintiff violated.

107.    As more fully described above, Officer Karnes intentionally engaged in malicious prosecution and/or abuse of process because he arrested and cited the Plaintiff in retaliation for the Plaintiff's constitutionally protected activities as more fully described above.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF THE FIRST, FOURTH, AND FOURTEENTH AMENDMENTS TO**
**THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTIONS 3, 4, 6, 7, 20,**
**21, 34, AND 36 OF THE WYOMING CONSTITUTION AGAINST JAMES WHALEN IN**
**HIS INDIVIDUAL AND OFFICIAL CAPACITY AND JOHN DOES, UNKNOWN**
**PEACE OFFICERS EMPLOYED BY TETON COUNTY IN THEIR INDIVIDUAL**
**CAPACITY UNDER 42 U.S.C. §§ 1983, 1985, AND WYO. STAT. ANN. § 1-37-113**

108.    As more fully described above, Defendant James Whalen and/or two unknown agents of Teton County Sheriff's office retaliated against the Plaintiff by prolonging the Plaintiff's detention/imprisonment unnecessarily for engaging in conduct protected by the First and Fourteenth Amendment to the United States Constitution. The Plaintiff engaged in protected speech when he verbally protested his arrest, requested less invasive search procedures, threatened a lawsuit, and requested an attorney. The Plaintiff engaged in a protected petition of government when he threatened a lawsuit against the Defendants and when he requested less invasive search procedures. The Plaintiff engaged in conduct protected by the Fourteenth Amendment and by the First Amendment when he verbally requested an attorney. The Sheriff and/or his agents prolonged the Plaintiff's detention in retaliation for his request for an attorney

and other protected speech.

109.    As more fully described above, the Teton County Sheriff and/or unknown agents of the Teton County Sheriff acted in combination with Defendant Karnes to detain the Plaintiff without lawful jurisdiction in violation of the Fourth Amendment.

110.    As more fully described above, Teton County Sheriff and/or unknown agents of the Teton County Sheriff violated the Fourth Amendment by holding the Plaintiff in the Teton County Jail based on the Plaintiff's refusal to verbally consent to an invasive pat-down search of the Plaintiff's groin.

111.    As more fully described above, the Teton County Sheriff and/or unknown agents of the Teton County Sheriff used excessive force against the Plaintiff by detaining the Plaintiff in jail through the use of handcuffs and other force.

112.    As more fully described above, the Teton County Sheriff and/or unknown agents of the Teton County Sheriff violated the Plaintiff's Fourteenth Amendment rights to procedural and substantive due process by violating the Plaintiff's right to privacy and by subjecting the Plaintiff to an invasive search, and detaining the Plaintiff for refusing to consent to such a search, based on unpublished "standard operating procedures" of the TSA.

113.    At all relevant times, Teton County Sheriff and/or unknown agents of the Teton County Sheriff acted under color of state law.

## EIGHTH CLAIM FOR RELIEF
### FALSE IMPRISONMENT, ASSAULT, BATTERY, ABUSE OF PROCESS AGAINST JAMES WHALEN (AND/OR UNKNOWN AGENTS OF THE TETON COUNTY SHERIFF) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES IN VILATION OF THE LAWS OF WYOMING, WGCA

114.    As more fully described above, the Defendant James Whalen and/or Defendant

John Does, unknown agents of the Teton County Sheriff, intentionally assaulted and/or committed a battery against the Plaintiff by confining him in the Teton County Jail through the use of force and the threat of force including handcuffing the Plaintiff and using other physical means of confinement. Defendant James Whalen and/or Defendant John Does acted together with Defendant Karnes to commit battery, assault, abuse of process, and false imprisonment against the Plaintiff as more fully described above.

115.    As more fully described above, the Defendant James Whalen and/or Defendant John Does, unknown agents of the Teton County Sheriff, falsely imprisoned the Plaintiff. The Defendant James Whalen and/or Defendant John Does, unknown agents of the Teton County Sheriff, unlawfully prolonged the Plaintiff's incarceration because the Plaintiff's requested an attorney.

### NINTH CLAIM FOR RELIEF
### VIOLATION OF THE FIRST, FOURTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTIONS 3, 4, 6, 7, 20, 21, 34, AND 36 OF THE WYOMING CONSTITUTION AGAINST JOHN DOES, UNKNOWN TSA AGENTS AND/OR AIRPORT SECURITY EMPLOYEES IN THEIR INDIVIDUAL CAPACITIES
### *BIVENS*; 42 U.S.C. §§ 1983, 1985, AND AND WYO. STAT. ANN. § 1-37-113

116.    As more fully described above, Defendant John Does, unknown security officials employed at the Jackson Hole Airport, violated the Plaintiff's constitutional rights by conducting an unreasonable search of the Plaintiff, and by requesting and assisting in the Prosecution of the Plaintiff in retaliation for his protected speech.

117.    Defendant John Does, unknown security officials employed at the Jackson Hole Airport, are agents of the TSA and/or are agents of the Jackson Hole Airport and/or the Jackson Hole Airport Board. To the extent that John Does are agents/employees of the TSA, they are named in this claim in their individual capacity under *Bivens*. To the extent that Defendant John

Does are agents/employees of the Municipal Defendants, they are named in this claim in their individual capacities under 42 U.S.C. §§ 1983 and 1985.

118.    As more fully described above, Defendant John Does conducted un unduly invasive search of the Plaintiff in violation of the Fourth Amendment.

119.    As more fully described above, Defendant John Does subjected the Plaintiff to an invasive pat-down search of his groin without notice of the procedures he was subject to.

120.    Defendant John Does acted under color of state law at all relevant times if they are agents of the Jackson Hole Airport and/or Jackson Hole Airport Board. Defendant John Does acted under color of federal law at all relevant times if they are agents of the TSA.

### TENTH CLAIM FOR RELIEF
### FALSE IMPRISONMENT AND ASSAULT AGAINST JOHN DOES, UNKNOWN TSA AGENTS AND/OR AIRPORT SECURITY EMPLOYEES IN THEIR INDIVIDUAL CAPACITIES IN VILATION OF THE LAWS OF WYOMING, UNDER THE FTCA AND WGCA

121.    As more fully described above, the Plaintiff has complied with the provisions of the FTCA however his claim has not yet been subjected to a final decision by the TSA and/or six months have not yet elapsed from the filing of Plaintiff's claims under the FTCA. Plaintiff intends to determine the identities of John Does, unknown TSA agents and/or airport security employees, through the discovery process and if they are employed by the TSA the Plaintiff will seek leave to amend at the time that he has completed all conditions precedent to suit under the FTCA.

122.    If John Does, unknown TSA agents and/or airport security employees, are found to have been acting on behalf of the Municipal Defendants, then they are named in their official and individual capacities pursuant to the WGCA.

123.    As more fully described above, Defendant John Does were employed at the Jackson Hole Airport and committed an assault against the Plaintiff by threatening to conduct a pat-down search of the Plaintiff's groin without the Plaintiff's consent. Based on the allegations more fully laid out above, it is impossible for the Plaintiff to determine whether Defendant John Does exceeded their authority under the relevant secret TSA standard operating procedures.

124.    As more fully described above, security officials employed at the Jackson Hole Airport falsely imprisoned the Plaintiff by detaining the Plaintiff at the security screening checkpoint. Based on the allegations more fully laid out above, it is impossible for the Plaintiff to determine whether Defendant John Does exceeded their authority under the relevant secret TSA standard operating procedures.

## REQUEST FOR RELIEF

Based on the foregoing basis, Plaintiff respectfully requests:

125.    Judgment of Plaintiff's general damages and special damages in an amount to be proven at trial.

126.    The greater of either $250,000.00 per transaction or occurrence under the WGCA or the maximum amount of any policy of liability insurance, against each of the Municipal Defendants.

127.    Reimbursement of costs, attorney's fees and expenses, and such other relief as may be just and equitable.

128.    An order enjoining the Defendants from engaging in the unlawful acts complained of herein.

129.    A declaratory judgement.

130.    Punitive damages.

131.   Any other relief allowed by law.

## DEMAND FOR TRIAL BY JURY

**Plaintiff respectfully demands trial by jury of not less than six persons, in Casper, Wyoming, on all issues so triable.**

**Respectfully Submitted** this 11th day of March, 2019.


Seth A. Johnson (WBA 7 – 5748)
Slow and Steady Law Office, PLLC
Attorney for Plaintiff
104 N. First Street
P.O. Box 1309
Saratoga, WY 82331
(307) 399 – 6060
Turtle@SlowandSteadyLaw.com

Affidavit of Service to submitted electronically.