Brett M. Godfrey, Esq.
J. Kirk McGill, Esq.
GODFREY | JOHNSON, P.C.
9557 S. Kingston Court
Englewood, CO 80112
(303) 228-0700
godfrey@gojolaw.com
mcgill@gojolaw.com
*Attorneys for Defendants The*
*Jackson Hole Airport and The*
*Jackson Hole Airport Board*

John D. Bowers, Esq.
THE BOWERS LAW FIRM, P.C.
P.O. Box 1550
Afton, WY 83110
(307) 885-1000
john@1000.legal
*Attorney for Defendants the Town of Jackson, Wyoming;*
*Teton County, Wyoming; James Whalen in his official*
*capacity; Nathan Karnes in his official capacity;*
*unnamed Town employees in their official capacities; and*
*unnamed County employees in their official capacities*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

Civil Action No. 19-CV-50-NDF

WILLIAM FREY,

      Plaintiff,

v.

THE TOWN OF JACKSON, WYOMING;
TETON COUNTY, WYOMING;
THE JACKSON HOLE AIRPORT;
THE JACKSON HOLE AIRPORT BOARD;
NATHAN KARNES;
JAMES WHALEN; and,
JOHN DOES

      Defendants.

---

### MUNICIPAL DEFENDANTS' JOINT MOTION FOR IMPOSITION OF A COST BOND PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE NO. 7

---

Defendants The Jackson Hole Airport and The Jackson Hole Airport Board (the "Airport Defendants") jointly with Defendants Town of Jackson, Wyoming; Teton County, Wyoming; James Whalen in his official capacity; Nathan Karnes in his official capacity; unnamed Town employees in their official capacities; and unnamed County employees in their official capacities (together these Defendants collectively with the Airport Defendants are referred to herein as the "Municipal Defendants") hereby submit this Joint Motion For Imposition of a Cost Bond Pursuant to Federal Rule of Appellate Procedure No. 7.

## I.    INTRODUCTION

Plaintiff twice brought meritless claims against the Municipal Defendants, ECFs 1, 54, and attempted to bring a third set of meritless claims, ECF 80. This Court dismissed Plaintiff's claims and denied leave to amend. ECFs 51, 89. The Court entered final judgment in favor of Defendants on December 2, 2019. ECF 90. Plaintiff appealed on the merits. ECF 109. The Municipal Defendants then moved this Court for an award of attorneys' fees under 42 U.S.C. § 1988 and sanctions under 28 U.S.C. § 1927. ECF 101. This Court granted the Motion in part, and denied it in part—holding that the Amended Complaint and proposed Second Amended Complaint were frivolous, unreasonable, and unfounded—and awarding the Municipal Defendants' their reasonable attorneys' fees, and further allocating a portion of those fees to counsel as sanctions pursuant to Section 1927, ECF 112. The Court ultimately awarded $35,985.50 of fees (including $8,420.00 as sanctions against counsel), ECF 114. Upon a Motion for Reconsideration filed by the Municipal Defendants, ECF 115, the Court increased the fee award to $55,340.00 (including $10,765.00 as sanctions against counsel), ECF 118.

The Municipal Defendants now respectfully move the Court to require Plaintiff to post a bond to cover the Municipal Defendants estimated costs on appeal—including their estimated appellate attorneys' fees as permitted by the law in this Circuit—pursuant to Fed. R. App. P. 7.

## II.    CONFERRAL

The Municipal Defendants conferred with counsel for Plaintiff several times between 26 February and 3 March by email. Plaintiff stated through counsel that he could not decide whether to oppose this Motion until he had seen the Court's final order on the amount of attorneys' fees for the initial trial court proceedings. Following this Court's orders setting the amount of such fees, ECF 114 and ECF 118, counsel for the Municipal Defendants, re-conferred with counsel for Plaintiff by email on 27 April, and received no response before filing this Motion.

1

### III.    BOND REQUESTED

**Estimated Costs on Appeal**

| Rate Category | Rate | Hours | Fee |
|---|---|---|---|
| Senior Partner (B. Godfrey) | $475 | 6.00 | $  2,850.00 |
| Senior Partner (J. Cross) | $525 | 12.00 | 6,300.00 |
| Senior Partner (J. Bowers) | $425 | 60.00 | 25,500.00 |
| Of-Counsel (B. McGill) | $525 | 24.00 | 12,600.00 |
| Partner (J. Vail) | $375 | 16.00 | 6,000.00 |
| Associates | $275 | 200.00 | 55,000.00 |
| Paralegals | $150 | 24.00 | 3,600.00 |
| **Estimated Attorneys' Fees** | | **342 Hours** | **$ 111,850.00** |
| Estimated Other Costs (Printing of Response Briefs) | | | 97.20 |
| Subtotal | | | 111,947.20 |
| Estimated Interest at 0.18% for 18 months | | | 201.50 |
| **Estimated Total Costs on Appeal** | | | **$ 112,148.70** |
| FRAP 38 Frivolous Appeal Doubling | | | 112,148.70 |
| **Total Bond Requested** | | | **224,297.41** |

### IV.    DISCUSSION OF LAW

Federal Rule of Appellate Procedure No. 7 permits a District Court to impose a bond on the appealing party to guarantee the anticipated costs of the defending parties on appeal. "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. Civ. P. 7. This bond is different than a supersedeas bond under Fed. R. Civ. P. 62 "because a supersedeas bond provides retrospective security for the judgment—in contrast to an appellate bond authorized under Rule 7 of the Federal Rules of Appellate Procedure, which provides security for costs on appeal." *Stockmar v. Colorado Sch. of Traditional Chinese Med., Inc.,* 13-CV-02906-CMA-MJW, 2015 WL 4456207, at *2 (D. Colo. July 21, 2015) (unpublished) (footnote omitted).

### A. *The Court Should Require Plaintiff to Post an Appeal Bond*

The Tenth Circuit has set forth six non-exclusive factors for the District Courts to consider when evaluating requests to impose a Rule 7 bond: 1) appellant's ability to pay a bond; 2) the risk appellant would not pay costs assessed on appeal; 3) the merits of appellant's appeal; 4) the costs expected to be incurred by the appellees; 5) appellant's compliance with District Court orders; and, 6) whether appellant demonstrated bad faith or vexatious conduct before the District Court. *See, e.g., In re Sandridge Energy, Inc.*, No. CIV-13-102-W, 2016 WL 4491738, at *2 (W.D. Okla. Feb. 18, 2016) (unpublished) (citing *Hamstein Cumberland Music Grp. v. Williams*, 556 Fed. Appx. 698, 702 (10th Cir. 2014) (unpublished) (listing factors)).

This Court should order Plaintiff to post a Rule 7 bond because Plaintiff has the ability to pay it, there is a substantial risk that he would not pay the costs assessed on appeal, his appeal is without merit, the Municipal Defendants have and will continue to incur significant costs defending the appeal, Plaintiff has *not* faithfully complied with this Court's previous orders, and Plaintiff has demonstrated indicia of bad faith or vexatious conduct before this Court. First, Plaintiff has the ability to pay. Plaintiff is a wealthy hedge fund manager who, as this Court is aware, has repeatedly stated, in effect, that he could not care less about the cost of this case to himself or the Defendants. The Court should take him at his word and impose a bond. Second, there is a substantial risk that he would not pay the costs assessed on appeal. Mr. Frey has shown significant disdain for both the Municipal Defendants and this Court's process. Further, he is not a resident of Wyoming and could evade domestic collections attempts. Finally, he has stated and demonstrated a desire to financially harm the Municipal Defendants, which gives him motivation to refuse to pay the Municipal Defendants' costs on appeal should he lose either or both appeals. Collectively, these facts are sufficient to establish a significant risk that Plaintiff would not pay. Third, his appeal is without merit. Indeed, this Court found that his operative claims at the time of

the Court's final judgment were frivolous, unreasonable, or unfounded. An appeal of a frivolous claim is, as discussed below in greater detail, not only meritless, but is itself frivolous. Fourth, the Municipal Defendants have and will continue to incur significant costs defending the appeal. Attorneys' fees are included in the costs of these particular appeals for the reasons set forth below, so the Municipal Defendants will incur *significant* costs defending so many municipal entities against so many claims on appeal—even with the efficiencies that the Municipal Defendants have used and will continue to use such as joint representation. Fifth, Plaintiff has not faithfully complied with this Court's previous orders. Indeed, the imposition of significant sanctions by this Court suggests considerable intransigence by Plaintiff and his counsel, and justifies imposing a bonding requirement. Sixth and finally, Plaintiff has demonstrated indicia of bad faith and vexatious litigation conduct before the Court. Although the Court stopped just short of finding bad faith and *intentionally* vexatious conduct, the Court nevertheless found *evidence* of both. That evidence is sufficient to justify imposing a bond on appeal. At bottom, this Court's finding that Plaintiff has engaged in meritless litigation with the stated purpose of financially harming the Municipal Defendants, and through them the people of the State of Wyoming, is sufficient to warrant the imposition of a cost bond to secure Plaintiff's appeal.

**B.  *The Court Should Order Plaintiff to Post a Bond of $224,297.41***

> **1.  *The Court should include anticipated appellate attorneys' fees in the bond.***

Costs for which an appeal bond can be required include only costs relating to the appeal, that is, costs which the Appellees stands to have reimbursed should they prevail on appeal. *Tennille v. W. Union Co.,* 774 F.3d 1249, 1254 (10th Cir. 2014). A strong majority of the Courts of Appeal hold that an estimate of the attorneys' fees to defend the appeal constitute "costs" subject to bonding provided that the fee-shifting statute includes attorneys' fees in its definition of costs. *Id.* at 1255. The D.C. Circuit and Third Circuit do not permit inclusion of attorneys' fees. *Id.* The

4

First, Second, Sixth, and Ninth Circuits permit inclusion of attorneys' fees when fees is included in the fee-shifting statute as an element of "cost," as does the Eleventh Circuit. *See id.* (listing First, Second, Sixth[1], and Ninth Circuit cases)*; Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1328 (11th Cir. 2002)*.* Thus, a strong majority—five of the seven Circuits to address the issue—permit inclusion of estimated appellate attorneys' fees in a Rule 7 bond if the fee-shifting statute includes it as an element of cost. *Tennille,* 774 F.3d at 1255.

The fee-shifting statute at issue here explicitly include attorneys' fees as an element of cost. *See* 42 U.S.C. § 1988 ("the court . . . may allow the prevailing party . . . a reasonable attorney's fee <u>as part of the costs</u>"). Accordingly, this Court should follow the vast majority of the Courts of Appeal, and find that estimated appellate attorneys' fees may be included in the bond.[2]

### 2.  The Municipal Defendants' estimate of their anticipated attorneys' fees is reasonable.

The Municipal Defendants request $111,850.00 of anticipated appellate attorneys' fees, which constitute the usual and customary rates multiplied by an estimated 342 hours as set forth in the table above.

The 342 hours anticipated is a reasonable estimate of what the Tenth Circuit would allow. The Municipal Defendants' estimated the hours required to defend the appeal based on their prior experience before the Tenth Circuit applied to the facts of this case. First, Plaintiff has *elected* to

---

[1]  The Sixth Circuit permits inclusion even when the fee-shifting statute *separates* costs from attorneys' fees, *id.,* so it necessarily also permits inclusion where the fee-shifting statute explicitly *includes* attorneys' fees as an element of costs.

[2]  The Tenth Circuit has jurisdiction to review the Court's decision immediately should Plaintiff desire swift review of the Court's decision. *See Tennille,* 744 F.3d at 1252–53 (finding jurisdiction to immediately review the District of Colorado's decision to impose a Rule 7 bond). Thus, by including attorneys' fees in the bond requested, the Court may place the issue before the Tenth Circuit, which may promptly take it up should the Circuit Court disagree with the majority of its sister Circuits. The same goes for the *amount* of the attorneys' fees as set forth below. In short, this Court should err on the side of fully protecting the Wyoming taxpayer—and leave it to the Circuit Court to alter than arrangement if it sees fit.

5

file two appeals. However, we presume that he will consolidate them (his counsel has stated as much to us in conferral) and accordingly we calculated the time needed to defend a single consolidated appeal—albeit with separate issues related to the merits and issues related to the attorneys' fees. Second, the two sets of Municipal Defendants intend to file their own briefs because there are different claims against the two sets (though with some overlap), increasing the hours required over joint briefing.[3] Nevertheless, we estimated less hours than would be required for two *entirely* separate sets of briefing based upon our anticipation of signification collaboration on the briefing. We ask that the Court apply its knowledge and experience to find that 342 hours is a reasonable estimate for two sets of parties to defend two distinct sets of issues: first, the merits—with two separate dismissals and a denial of leave to amend making three sub-issues on the merits; and, second, attorneys' fees and sanctions—with each of those its own separate sub-issue. In short, this will be a procedurally complex appeal—though the outcome is all but certain—and the hours requested are reasonable in that light.

The rates requested are a reasonable estimate of what the Tenth Circuit would allow. The rates requested above are the usual and customary rates for this type of work by this firm, and by comparable attorneys practicing before the Tenth Circuit. While this Court reduced the usual and customary rates for the Municipal Defendants' counsel when awarding fees for practice before the Court in Wyoming because the rates requested were at the upper end of reasonableness in Wyoming, the *Lodestar* rates for the Tenth Circuit (and Denver generally) are *significantly* higher than Wyoming as the Court is aware (and may, thusly, take judicial notice of). Indeed, the rates

---

[3]    Mr. Bowers has significantly higher estimated hours than any of the other senior attorneys because he is the sole senior attorney on his firm's brief, whereas Messrs. Godfrey, Cross, McGill, and Vail will all work on their firm's brief. Should the Municipal Defendants change their plans and file joint briefs, we will promptly inform the Court so that it can recalculate the bond accordingly.

requested are on the lower side of rates before the Tenth Circuit. Accordingly, the Municipal Defendants request that the Court use these rates to calculate the bond. Naturally, the Tenth Circuit will make the final determination of the reasonableness of the rates, and the actual hours expended.

### 3. *The Court should calculate anticipated other costs on appeal at $97.20*

This figure consists only of printing the Response Briefs: 6 copies estimated at 45 page per copy and $0.18 cents per page x 2 sets (one set for each group of Municipal Defendants). This is facially reasonable. We do note that the Tenth Circuit currently does not require printed briefs due to the COVID-19 pandemic, but anticipate that being rescinded by the time those briefs are due (in over two months' time); and given the small amount in question it is not unreasonable to require bonding of that cost at this time.

### 4. *The Court should include interest of 0.18% per annum for 18 months in the bond.*

The Court should include interest in the bond not to compensate the Municipal Defendants, but to account for inflation during the pendency of the appeals. Nevertheless, the post-judgment interest rate is the most reasonable measure of inflation, and is 0.18% as of 24 April. Accordingly, the Court should award interest of $201.50 based on an estimated time to complete the appeal of 18 months.

### 5. *This Court should double the bond because the Tenth Circuit is reasonably likely to find that the appeal is frivolous, and impose double costs as a sanction.*

Fed. R. App. P. 38 permits a Circuit Court to impose double costs on an appellant for filing a frivolous appeal. The Tenth Circuit is reasonably likely to find that Plaintiff's appeals are frivolous and impose double costs; accordingly, this Court should double the anticipated costs for purposes of the Rule 7 bond.

To deter frivolous and abusive litigation and promote justice and judicial efficiency, the Federal Courts are empowered to impose monetary sanctions, by statutes and the rules of civil and

appellate procedure, as well as their inherent right to manage their own proceedings. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–67 (1980). The Tenth Circuit noted:

> We focus here on the imposition of monetary sanctions on attorneys by the court of appeals, the "just damages and ... costs" authorized by Fed. R. App. P. 38, and the "excess costs, expenses and attorney's fees" specified by 28 U.S.C. § 1927. These provisions, as contrasted with the courts' more general disciplinary powers, focus upon conduct in specific litigation that imposes unreasonable and unwarranted burdens on the court and opposing parties.

*Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (internal citations and footnotes omitted).

Fed. R. App. P. 38 authorizes a court of appeals to award just damages, including attorneys' fees, and single or double costs if the court determines that an appeal is frivolous or brought for purposes of delay. *See, e.g., Clark v. Commissioner,* 744 F.2d 1447, 1448 (10th Cir. 1984). An appeal is frivolous when "the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.* (quoting *Taylor v. Sentry Life Insurance Co.*, 729 F.2d 652, 656 (9th Cir. 1984)) (citations omitted); *accord Reliance Insurance Co. v. Sweeney Corp., Maryland*, 792 F.2d 1137, 1138 (D.C.Cir. 1986); *see also Johnson v. Allyn & Bacon, Inc.,* 731 F.2d 64, 74 (1st Cir.) (awarding fees when claim was "frivolous, unreasonable, or without foundation") (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978)). The Tenth Circuit further stated that:

> We agree with the wry observation of Chief Judge Markey, sitting with the Sixth Circuit, that "[f]rivolity, like obscenity, is often difficult to define. With courts struggling to remain afloat in a constantly rising sea of litigation, a frivolous appeal can itself be a form of obscenity. **Rule 38 should doubtless be more often enforced than ignored in the face of a frivolous appeal."** *WSM, Inc. v. Tennessee Sales Co.,* 709 F.2d 1084, 1088 (6th Cir.1983).

Braley, 832 F.2d at 1511 (emphasis added). The Tenth Circuit has further held that Rule 38 (on its own and also in conjunction with Section 1927) justifies imposing some or all Rule 38 costs

(including attorneys' fees) on an appellant's *counsel*.[4] *Id.* No requirement of bad faith by appellant or counsel is required. *Id.* As the Court noted: "We have repeatedly expressed our concern with the unnecessary burdens, both on the courts and on those who petition them for justice, that result from unreasonable, irresponsible and vexatious conduct of attorneys as well as parties." *Id.* at 1512. Therefore, "[a]t the appellate level the bringing of the appeal itself may be a sanctionable multiplication of proceedings. Consequently, in an appropriate case the court may assess the *entire* costs of litigation on appeal as 'excess costs' under § 1927 or as 'just damages' under Fed. R. App. P. 38." *Id.* at 1513 (emphasis added).

Here, Plaintiff's appeals are wholly without merit, and the results are obvious. Plaintiff ultimately lost this case because he did not cite a single precedential case on point, nor attempt to challenge the existing precedents. *See Hunt v. Lamb,* 220 F. App'x 887, 890 (10th Cir. 2007) (unpublished) (holding in a Section 1983 appeal that the failure to cite any legal authority was sufficient to find the appeal frivolous under Rule 38—even where the appellant was proceeding *pro se,* suggesting that where an appellant has benefit of counsel the case for frivolousness is even stronger). Those are not deficiencies that Plaintiff can correct on appeal. Moreover, this Court also found at least indicia of vexatious litigation conduct and bad faith—which the Tenth Circuit is likely to weigh heavily against him and his counsel. Accordingly, it is reasonably probable that the Tenth Circuit would impose double costs (including attorneys' fees) upon Plaintiff under Rule 38. Therefore, this Court should require Plaintiff to post a double bond equal to twice the Municipal Defendants' anticipated costs on appeal.

---

[4]    The Municipal Defendants leave the question of whether to require Plaintiff's counsel to put forth a portion of the bond wholly to the Court's judgment.

## V.    CONCLUSION

Plaintiff's vexatious litigation continues with separate appeals to the Tenth Circuit of this Court's eminently reasonable disposal of the case on the merits and of the Municipal Defendants' request for attorneys' fees. These appeals are frivolous, and there is sufficient indicia of a pattern of vexatious litigation conduct and bad faith for this Court to be highly concerned that Plaintiff and his counsel are embarking upon an abuse of Tenth Circuit's process in the same fashion as they have repeatedly abused this Court's process—and been sanctioned for it.

While the merits are now out of the Court's hands, the Court can mitigate the damage to the taxpayers of Wyoming by requiring Plaintiff to post a bond to cover the Municipal Defendants' anticipated costs on appeal pursuant to Fed. R. App. P. 7. The fact that the outcome of the appeals is obvious coupled with the indicia of bad faith and vexatious litigation conduct already noticed by this Court justifies a doubling of the bond just as it is probable that the Tenth Circuit will double a cost award under Fed. R. App. P. 38. Accordingly, the Municipal Defendants respectfully request that the Court require Plaintiff to post a bond of $223,890.40.

Respectfully submitted this 28th day of April 2020.

GODFREY | JOHNSON, P.C.

/s/ J. Kirk McGill
Joshua Kirk McGill, Esq.
Brett M. Godfrey, Esq.
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: mcgill@gojolaw.com
Email: godfrey@gojolaw.com

*Attorneys for Defendants, The Jackson Hole Airport and The Jackson Hole Airport Board*

THE BOWERS LAW FIRM, P.C.

/s/ John Bowers
John D. Bowers, Esq.
P.O. Box 1550
Afton, WY 83110
Phone: (307) 885-1000
Email: john@1000.legal

*Attorney for Defendants the Town of Jackson, Wyoming; Teton County, Wyoming; James Whalen in his official capacity; Nathan Karnes in his official capacity; unnamed Town employees in their official capacities; and unnamed County employees in their official capacities*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April 2020, I electronically filed the foregoing **JOINT MOTION FOR IMPOSITION OF A COST BOND PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 7** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Seth A. Johnson, Esq.
Slow and Steady Law Office, PLLC
104 N. First Street
P.O. Box 1309
Saratoga, WY 82331
turtle@slowandsteadylaw.com

John D. Bowers, Esq.
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
john@1000.legal

Benjamin N. White, Esq.
Law Office of Benjamin N. White
P.O. Box 97
Omaha, NE 68101
benjaminnicholaswhite@gmail.com

John W. Graham, Esq.
Deputy County and Prosecuting Attorney
Teton County Attorney's Office
180 South King Street
P.O. Box 4068
Jackson, WY 83001
john@tetoncountyattorney.com

Jesse B. Naiman, Esq.
Maddisen L. Gorman, Esq.
Wyoming Attorney General's Office
2329 Capitol Avenue
Cheyenne, WY 82002
jesse.naiman@wyo.gov
maddisen.gorman@wyo.gov

/s/ J. Kirk McGill
Joshua Kirk McGill, Esq.
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: mcgill@gojolaw.com