Seth "Turtle" Johnson (WBA 7-5748)
SLOW AND STEADY LAW OFFICE, PLLC
P. O. Box 1309
Saratoga, WY 82331
307-399-6060
Turtle@SlowandSteadyLaw.com

Benjamin N. White, NE #26123
LAW OFFICE OF BENJAMIN N. WHITE
P.O. Box 97
Omaha, NE 68101
(402) 401-1536
(Admitted Pro Hac Vice)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| WILLIAM FREY | ) | CASE NO: 19 - CV - 0050 - NDF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE TOWN OF JACKSON, WYOMING, | ) | |
| TETON COUNTY, WYOMING, | ) | |
| THE JACKSON HOLE AIRPORT, | ) | |
| THE JACKSON HOLE AIRPORT | ) | |
| BOARD, NATHAN KARNES, | ) | |
| an individual, JAMES WHALEN, an | ) | |
| individual, and JOHN DOES, individuals, | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLINTIFF'S BRIEF IN OPPOSITION TO DOC. 122**

---

**COMES NOW**, Seth "Turtle" Johnson, and Benjamin N. White, Attorneys for Plaintiff,

do hereby submit this Brief in Opposition to Defendants' Motion for Imposition of Cost Bond

(Doc. 122), to wit:

## STANDARD OF REVIEW

An order for a Fed. R. App. P. 7 bond by the trial court is discretionary. Such a decision is reviewed for an abuse of discretion. *Hamstein Cumberland Music Grp. v. Williams*, 556 F. App'x 698 (10th Cir. 2014). In the Tenth Circuit courts have considered the following factors in reaching a decision regarding a Rule 7 bond: "In reaching that decision, the court considered (1) her ability to pay a bond; (2) the risk she would not pay costs assessed on appeal; (3) the merits of her appeal; (4) the costs expected to be incurred by the appellees; (5) Ms. Williams' compliance with court orders; and (6) whether she demonstrated bad faith or vexatious conduct." *Hamstein Cumberland Music Grp. v. Williams*, 556 F. App'x 698, 701–02 (10th Cir. 2014)

## ARGUMENT

As Plaintiff informed Defendants, Plaintiff may be willing to stipulate to a Rule 7 bond to the extent any such bond is supported by relevant caselaw. However, Defendants have not yet provided Plaintiffs the requisite information to consider such a request. Therefore, Plaintiff opposes Defendants' motion for a Rule 7 bond.

As was required for the Defendants' previous motions practice related to their attorney fees, sufficient particularity is required for both Plaintiff and this Court to appraise any request. The format of estimated hours provided to this Court was the same format provided to Plaintiff. There is no explanation for the number of attorneys involved, or why certain amounts of time are justified. The largest categories is for "Associates" work. For what firm? At what rate? It is difficult to believe that every associate from two different law firms in two different states bills at the same rate. Further, there has been no showing, through an engagement letter or actual invoices, that these rates are those actually being charged and paid by the parties to this litigation. Further, why is an inflated appellate rate justified when the work is being done by the

same lawyers on the same case? These are just a few of Plaintiff's questions that were not addressed due to the failure to confer, addressed below. The Plaintiff believes that these questions should be answered before the Court orders any Rule 7 bond.

U.S.D.C.L.R. 7.1. requires an oral conferral before the filing of any dispositive motion. Once again, Defendants have failed to comply with this Court's local rules. Defendants sent an attempted conferral email at 4:05pm on April 27. That email was followed by a second email which changed the calculations. The second email was received at 5:29pm. Defendants filed their motion on April 28 at 3:19pm, less than one day after the attempted email conferral. Further, the figures in the motion filed with this Court differ from those provided in any email conferral. The estimates have been a moving target, in addition to being vague. There was no way for Plaintiff to appropriately consider the request. (Exhibit 3).

Defendants did not make a prima facie showing regarding their estimated hours or rates. They further did not explain to Plaintiffs or this Court why cost doubling is appropriate in this case, or why all categories of their estimates (fees, costs, and interest) are subject to doubling. To be clear, Plaintiff does not take the position that Defendants are required to provide a minute by minute breakdown of their estimated costs on appeal. But Defendants must make a reasonable showing as to their actual billed rates to this client on this case, (insurance defense rates often vary greatly from standard rates) the lawyers who will be accomplishing the tasks, and the estimated time. Additional showings are required on cost doubling and interest.

Furthermore, as the Tenth Circuit has acknowledged, the greater weight of authority from other circuits does not support doubling of a Rule 7 appeal bond under Rule 38. *See Tennille v. W. Union Co.*, 774 F.3d 1249, 1254–55 (10th Cir. 2014).

> There is no provision in the rules of procedure for a district court to predict that an appellate court will find an appeal frivolous and to set a bond for costs on appeal

based on an estimate of what "just damages" and costs the appellate court might award. We have observed that Rule 38 only allows an appellate court to impose damages and costs in a frivolous appeal.9 We have held that "the appellate court is generally better qualified to determine whether an appeal lacks merit." *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 299 (5th Cir. 2007)

We further conclude that a district court may not include in a Rule 7 bond appellate attorney's fees that might be awarded by the court of appeals if that court holds that the appeal is frivolous under Federal Rule of Appellate Procedure 38 ("Rule 38"). *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 954 (9th Cir. 2007).

The traditional countermeasure for an appeal thought to be frivolous is a motion in the appellate court to dismiss,23 which is available at the outset of the appeal and before expenses thereon begin to mount. Additionally, a monetary remedy is afforded by Federal Appellate Rule 38,24 which authorizes an assessment of damages and single or double costs,25 including reasonable attorneys' fees,26 "[i]f [the] court of appeals shall determine that [the] appeal is frivolous."27 It is, however, for the court of appeals, not the district court, to decide whether Rule 38 costs and damages should be allowed in any given case.28 The District Court's bond order effectively preempts this court's prerogative to determine, should Safir's appeal be found to be frivolous, whether APL is entitled to a Rule 38 recovery. *In re Am. President Lines, Inc.*, 779 F.2d 714, 716–17 (D.C. Cir. 1985).

Plaintiff may be willing to stipulate to a reasonable appeal bond if the Defendants made a better effort to justify the amount of the requested bond and did not present a moving target, however the Plaintiff believes that any such bond is unnecessary under the factors laid out in *Hamstein* 556 F. App'x 698, 701–02 (10th Cir. 2014). The risk that the Plaintiff would not pay any costs assessed on appeal is extremely remote. (Exhibit 1, ¶ 3, 4, 6)1. Furthermore, the Plaintiff's appeal is being brought in good faith and the Plaintiff has committed to abide by any order of this Court once his right to appeal is exhausted. (Exhibit 1, ¶ 2, 7, 8, 9).

Finally, Plaintiff continues to disagree that his claims were frivolous for the reasons previously briefed by the Plaintiff and believes that the imposition of a Rule 7 appeal bond against a § 1983 Plaintiff including attorneys fees under 42 U.S.C. § 1988 would significantly

---

1 Exhibit 2 to this document is the unsigned version Exhibit 1.   Exhibit 1 is the scan of the signed original, and may be hard to read.

frustrate the congressional intent advanced by those statutes and would present a significant disincentive to appealing the dismissal of meritorious claims, curtailing Plaintiff's access to the judicial process. *See Marek v. Chesny*, 473 U.S. 1, 10, 105 S. Ct. 3012, 3017, 87 L. Ed. 2d 1 (1985).

WHEREFORE, Plaintiff requests that this Court DENY Defendants motion for a Fed. R. Civ. P. 7 bond in its entirety or, in the alternative, Order Defendants to comply with the local rules regarding conferral and the relevant case law regarding fee estimate with particularity so that Plaintiff can appropriately consider Defendants' proposed stipulation.

**RESPECTFULLY SUBMITTED** this 15th day of May, 2020.


____/s/ Seth "Turtle" Johnson_____
Seth "Turtle" Johnson (WBA 7-5748)
SLOW AND STEADY LAW OFFICE, PLLC
P. O. Box 1309
Saratoga, WY 82331
307-399-6060
Turtle@SlowandSteadyLaw.com



____/s/ Benjamin N. White_____
Benjamin N. White, NE #26123
LAW OFFICE OF BENJAMIN N. WHITE
P.O. Box 97
Omaha, NE 68101
(402) 401-1536
(Admitted Pro Hac Vice)

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:


Attorneys for Defendants:


Brett M. Godfrey
godfrey@gojolaw.com, higgs@gojolaw.com


Jesse Naiman
jesse.naiman@wyo.gov, heather.hunter@wyo.gov, jessica.curless@wyo.gov


John D. Bowers
john@bowersallred.com, heidi@1000.legal, heidi@thebowersfirm.com


John Walsh Graham
John@tetoncountyattorney.com, keith@tetoncountyattorney.com, kristen@tetoncountyattorney.com


Maddisen L. Gorman
maddisen.gorman@wyo.gov


    /s/ Seth "Turtle" Johnson
Seth "Turtle" Johnson (WBA 7 – 7548)
Slow and Steady Law Office, PLLC