Brett M. Godfrey, Esq.
J. Kirk McGill, Esq.
GODFREY | JOHNSON, P.C.
9557 S. Kingston Court
Englewood, CO 80112
(303) 228-0700
godfrey@gojolaw.com
mcgill@gojolaw.com
*Attorneys for Defendants The Jackson Hole Airport and The Jackson Hole Airport Board*

John D. Bowers, Esq.
THE BOWERS LAW FIRM, P.C.
P.O. Box 1550
Afton, WY 83110
(307) 885-1000
john@1000.legal
*Attorney for Defendants the Town of Jackson, Wyoming; Teton County, Wyoming; James Whalen in his official capacity; Nathan Karnes in his official capacity; unnamed Town employees in their official capacities; and unnamed County employees in their official capacities*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

Civil Action No. 19-CV-50-NDF

WILLIAM FREY,

        Plaintiff,

v.

THE TOWN OF JACKSON, WYOMING;
TETON COUNTY, WYOMING;
THE JACKSON HOLE AIRPORT;
THE JACKSON HOLE AIRPORT BOARD;
NATHAN KARNES;
JAMES WHALEN; and,
JOHN DOES

        Defendants.

---

### MUNICIPAL DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR MOTION FOR IMPOSITION OF A COST BOND PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE NO. 7

---

Defendants The Jackson Hole Airport and The Jackson Hole Airport Board (the "Airport Defendants") jointly with Defendants Town of Jackson, Wyoming; Teton County, Wyoming; James Whalen in his official capacity; Nathan Karnes in his official capacity; unnamed Town employees in their official capacities; and unnamed County employees in their official capacities (together these Defendants collectively with the Airport Defendants are referred to herein as the "Municipal Defendants") hereby submit this Joint Reply in Support of Their Motion For Imposition of a Cost Bond Pursuant to Federal Rule of Appellate Procedure No. 7.

# I.  INTRODUCTION

Plaintiff continues to vexatiously multiply these proceedings. A year into this case, this Court has found Plaintiff's claims frivolous, unreasonable, and/or unfounded—and imposed attorneys' fees on him and sanctions on his counsel. Yet the taxpayers of Wyoming now face two Tenth Circuit appeals (albeit consolidated) and months or years more of expensive litigation and unjustified attacks upon the propriety of the conduct of their elected and appointed officials related to the security of the Jackson Hole Airport. The merits are now in the hands of the Circuit Court—but this Court should protect the Wyoming taxpayers by granting the Motion and imposing the requested bond.

# II.  DISCUSSION OF LAW

## A.  *The Municipal Defendants Complied with Their Obligation to Confer*

Plaintiff complains that the Municipal Defendants failed to properly confer. He asserts that they did not give sufficient time to respond to conferral, did not provide sufficient information for Plaintiff to determine whether to post a bond, and the bond figures provided in the conferral were "vague" and "a moving target." ECF 130 at 3. We address these complaints in order. First, sufficient time was provided for Plaintiff to respond to the conferral. Counsel for the Municipal Defendants repeatedly conferred with Plaintiff's counsel over the course of two months, provided estimated figures to counsel for Plaintiff without receiving a response thereto, and finally officially *re-conferred* with counsel for Plaintiff by email on April 27 to provide the final figures, and state the Motion would be filed the next day. Accordingly, Plaintiff had two months to decide whether to stipulate to a bond— and has not done so. Second, sufficient detail was provided for Plaintiff—and the Court—to determine whether the requested bond is reasonable. Plaintiff cites no rule or law in support of the contention that the detail provided is insufficient. Naturally, the Municipal Defendants will have to present their *actual* time entries and supporting documentation to the Tenth Circuit if they prevail in defending the appeal in order to receive their costs and attorneys' fees. But, the Municipal Defendants provided a breakdown

of hours and rates in the Motion sufficient for the Court—applying its many years of experience—to determine whether the *estimate* of the attorneys' fees and costs anticipated are reasonable for a bond. Third, the figures provided in the conferral were neither vague nor a moving target. To the contrary, the very emails Plaintiff attaches to his Response disprove his contention. The first email he cites contains the anticipated attorneys' fees. The second email adds costs, interest, and FRAP 38 doubling. The third email corrects an error in the interest rate from the second email and provides the final figures. Other than correcting the erroneous interest rate, there is nothing inconsistent between those three emails (e.g. the amount of attorneys' fees is exactly the same in all three); nor are the figures vague. To the contrary, they provide the anticipated hours and rates for each biller (or category of biller in the case of associates and paralegals) expected to work on the appeals.

At bottom, Plaintiff appears to be weaponizing this Court's conferral requirements to vexatiously delay these proceedings in bad faith, *see* ECF 117, despite not complying with his own conferral obligations in the last motion he filed, *see* ECF 127, 128. Ultimately, the Municipal Defendants delayed filing their FRAP 7 motion for weeks in order to allow Plaintiff time to consider stipulating to a bond and to discuss the amounts with us. Instead, Plaintiff sat on his hands and did not substantively respond to any of the Municipal Defendants' overtures. Accordingly, the Municipal Defendants properly performed a final conferral on April 27 and filed the Motion the next day. Consequently, they properly complied with their conferral obligation imposed by the Court's rules, and the Court should reach the merits of the Motion.

## B. The Court Should Impose the Bond Requested

### 1. Plaintiff's affidavit establishes nothing more than he is a very wealthy man who can afford to pay the bond.

Plaintiff attached a six-page affidavit to his Response. The affidavit consists of an irrelevant recitation of Plaintiff's "understanding" of the proceedings, followed by legal analysis by *Plaintiff*, and finally followed by Plaintiff's 'assurances' that he is not acting in bad faith and will pay any costs or

fees imposed. The Court should ignore the legal analysis insofar as it should have been made by counsel in the brief, and should give little weight to Plaintiff's assurance given that his *conduct* in these proceedings runs flatly contrary to his contention that he and his counsel are acting properly.

What the Court should take note of, however, are Plaintiff's continued belief that he and his counsel have acted properly, ECF 130-1 ¶ 9, his unreasonable expectation that he will be vindicated by the Tenth Circuit on appeal, ECF 130-1 ¶¶ 2 & 7 , and that he is very (very) rich, ECF 130-1 ¶ 6. The Court should be concerned that if, as is likely, the Tenth Circuit affirms this Court, Plaintiff's "anger" at the Municipal Defendants, ECF 130-1 ¶ 9, will cause him to refuse to pay costs. Moreover, Plaintiff's flaunting of his wealth by referencing his work as a venture capitalist financing "infrastructure projects around the globe" and his vacation home worth "$15,000,000.00" (again) demonstrate just how little Plaintiff cares about money. *Id.* Plaintiff cannot have it both ways—arguing that he is rich enough not to care about costs, but opposing the Municipal Defendants' attempt to *secure* the payment of those costs. The Court should take him at his word that imposing the bond requested will pose no significant burden upon him—and promptly impose the bond.

### 2. The Court should include attorneys' fees in the bond and double it under FRAP 38.

Plaintiff cites *Tennille v. W. Union Co.*, 774 F.3d 1249, 1254–55 (10th Cir. 2014) for the premise that a District Court should not impose a double-bond, but rather leave that to the Circuit Court. Plaintiff consequently argues by implication that attorneys' fees should be excluded from the bond entirely as that is the premise of the three out-of-Circuit cases he cites. However, Plaintiff's citation is *seriously* misleading. Plaintiff cites *Tennille,* and then immediately includes block quotes from three different Circuit Courts (the 5th, 9th, and D.C. Circuits) with those cases cited in-line as if the *Tenth Circuit* was quoting those decisions verbatim as set forth by Plaintiff in his brief. But the Tenth Circuit's opinion does *not* include those block quotes. As such, they are not controlling law in this Circuit—and Plaintiff's quotation of them as if the Tenth Circuit had adopted them *verbatim* is at

the very least misleading—if not an outright lack of candor towards the tribunal.

Moreover, all three cases are easily distinguishable. *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 299 (5th Cir. 2007) is distinguishable because the District Court there erred in imposing attorneys' fees based *solely* on FRAP 38, whereas here attorneys' fees for the appeal are imposed pursuant to statute (28 U.S.C. § 1927 and 42 U.S.C. § 1988). *Azizian v. Federated Dep't Stores, Inc.,* 499 F.3d 950, 954 (9th Cir. 2007) is distinguishable on the same ground; indeed, the Ninth Circuit specifically found that the prevailing party could *not* seek attorneys' fees under the statute and, accordingly, that those fees could not be included in the bond because FRAP 38 *alone* could not justify a District Court imposing fees. *Id.* at 959. Finally, Plaintiff's citation of *In re Am. President Lines, Inc.,* 779 F.2d 714, 716–17 (D.C. Cir. 1985) has the same problem—the Circuit Court held that the District Court could not include attorneys' fees in the bond based *solely* on FRAP 38 where fees were not provided by statute. *Id.* at 171. And other Circuit Courts have explicitly held that the reach of these cases is limited to circumstances where the *sole* basis for fees is FRAP 38—and that they do not apply where awarding of fees is provided by statute. *See, e.g., Int'l Floor Crafts, Inc. v. Dziemit,* 420 F. App'x 6, 19 (1st Cir. 2011) (unpublished) (citing *In re Am. President Lines*) ("the cases present[] distinguishable circumstances since neither involved a fee-shifting statute"); *Adsani v. Miller,* 139 F.3d 67, 73 (2d Cir. 1998*)* ("unlike this case, there was no statute authorizing an award of attorney's fees 'as part of the costs' . . . in *American President Lines . . .*"). Moreover, "the seemingly absolute rule announced in *In re Am. President Lines* has either has been modified by or has been overruled implicitly by *Montgomery & Assocs. v. CFTC*, 816 F.2d 783, 784 (D.C. Cir. 1987)." *Adsani*, 139 F.3d at 73 n.6. In *Montgomery*, the D.C. Circuit held that "costs" in Rule 39 may include attorneys' fees if the underlying statute allows for their recovery as part of costs. *Id.* Therefore, Plaintiff has cited no precedent in this Circuit, nor any law persuasive when applied to the facts of *this* case (i.e. not distinguishable), for the proposition that attorneys' fees cannot be included in an FRAP 7 bond and

doubled under FRAP 38. Moreover, as stated in the Motion, Plaintiff may immediately request relief from the Tenth Circuit if he believes the Court has erred as a matter of law in including attorneys' fees in the bond, or doubling the bond under FRAP 38. Consequently, this Court should include attorneys' fees in the bond, and double the costs and fees for bonding purposes based on the substantial likelihood that the appeal is frivolous.

### III.    CONCLUSION

Plaintiff brags that he is a rich man with a multitude of assets—such as his $15 million vacation home—to cover any costs awarded to the Municipal Defendants. But Plaintiff's braggadocio provides this Court with assurance that imposing a reasonable, though substantial, bond—and doubling that bond under FRAP 38—does not impose a significant burden on Plaintiff. Indeed, the entire bond request of $224,297.41 is less than 1.5% of the stated value of Plaintiff's vacation home alone. Given Plaintiff's continued vexatious litigation conduct set forth in the Motion, and with which the Court is painfully familiar, the Court should not hesitate to impose the requested bond on Plaintiff to at least ensure that the taxpayers of Wyoming will be made whole for Plaintiff's improper litigation tactics at the end of this lawsuit.

Respectfully submitted this 22nd day of May 2020.

GODFREY | JOHNSON, P.C.

/s/ J. Kirk McGill
Joshua Kirk McGill, Esq.
Brett M. Godfrey, Esq.
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: mcgill@gojolaw.com
Email: godfrey@gojolaw.com

*Attorneys for Defendants, The Jackson Hole Airport and The Jackson Hole Airport Board*

THE BOWERS LAW FIRM, P.C.

/s/ John Bowers
John D. Bowers, Esq.
P.O. Box 1550
Afton, WY 83110
Phone: (307) 885-1000
Email: john@1000.legal

*Attorney for Defendants the Town of Jackson, Wyoming; Teton County, Wyoming; James Whalen in his official capacity; Nathan Karnes in his official capacity; unnamed Town employees in their official capacities; and unnamed County employees in their official capacities*

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May 2020, I electronically filed the foregoing **MUNICIPAL DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR MOTION FOR IMPOSITION OF A COST BOND PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 7** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Seth A. Johnson, Esq.
Slow and Steady Law Office, PLLC
104 N. First Street
P.O. Box 1309
Saratoga, WY 82331
turtle@slowandsteadylaw.com

John D. Bowers, Esq.
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
john@1000.legal

Benjamin N. White, Esq.
Law Office of Benjamin N. White
P.O. Box 97
Omaha, NE 68101
benjaminnicholaswhite@gmail.com

John W. Graham, Esq.
Deputy County and Prosecuting Attorney
Teton County Attorney's Office
180 South King Street
P.O. Box 4068
Jackson, WY 83001
john@tetoncountyattorney.com

Jesse B. Naiman, Esq.
Maddisen L. Gorman, Esq.
Wyoming Attorney General's Office
2329 Capitol Avenue
Cheyenne, WY 82002
jesse.naiman@wyo.gov
maddisen.gorman@wyo.gov

/s/ J. Kirk McGill
Joshua Kirk McGill, Esq.
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: mcgill@gojolaw.com